**ORIGINAL**

FILED
APR 24 2015
U.S. COURT OF
FEDERAL CLAIMS

# United States Court of Federal Claims

No. 14-1178 L

Filed April 24, 2015

| | |
|---|---|
| CHRISTINE JOSEPHINE ROSZKOWSKI, | ) ) |
| Plaintiff, | ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ORDER

On December 8, 2014, plaintiff filed a complaint alleging that her rights were violated in a number of ways with regard to the foreclosure on, and subsequent sale of, her residence in Wake Forest, North Carolina. *See*, Doc. 1, ¶¶ 10, 24, 27. At the outset of the complaint, plaintiff describes her claim as follows:

> This action seeks just compensation from the United States for property taken from Plaintiff. This is a proceeding to recover monetary damages exceeding $10,000.00 (Ten Thousand Dollars) from the transfer of private property not for public use that arises from The Takings Clause, under The United States Constitution. The Constitution protects private property.

Doc. 1, ¶ 1. Despite the fact that she appears to be seeking recovery under the Fifth Amendment, plaintiff alleges that this court has jurisdiction to hear her case pursuant to federal question jurisdiction because she has suffered violations of her Fourth, Fifth and Fourteenth Amendments rights. *See* Doc. 1, ¶ 2.

As defendants in the suit, plaintiff has named: (1) Joseph N. Callaway, the trustee appointed by the United States Bankruptcy Court in which plaintiff filed for Chapter 7 bankruptcy, *see* ¶¶ 5, 56; (2) Marjorie K. Lynch, "Bankruptcy Administrator," ¶ 6; (3) Gail Wikel, Community Manager for Cimarron Homeowners Association, Inc., the entity that plaintiff claims unlawfully foreclosed

on her mortgage, *see* ¶¶ 7, 24; and (4) Roy Cooper, the Attorney General for the State of North Carolina, ¶ 9. Plaintiff also names the United States as a defendant in the case caption, but fails to allege claims against the federal government at any point in the complaint. The government has moved to dismiss the complaint for lack of jurisdiction. *See* Doc. 12.

Plaintiff's complaint is not a model of clarity, but even assuming her version of events, as the court must when considering a motion to dismiss, *see Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011), this court lacks jurisdiction because plaintiff makes no allegations against the United States.

The United States Court of Federal Claims is a court of limited jurisdiction. The applicable grant of jurisdiction provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (emphasis added). This encompasses cases in which the plaintiff alleges that the federal government unlawfully took possession of property, under the Takings Clause of the Fifth Amendment. *See Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1362 (Fed. Cir. 2005).

The Takings Clause states, in relevant part: "nor shall private property be taken for public use, without just compensation." U.S. CONST. amend. V, cl. 4. In order to trigger this aspect of the court's jurisdiction, however, the United States must have been the entity which allegedly did the taking. As the Federal Circuit has explained: "A claimant under the Takings Clause must show that the government, by some specific action, took a private property interest for a public use without just compensation." *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004) (citing *Hodel v. Va. Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 294 (1981)). And the Takings Clause's prohibition is specifically "directed against the federal government." *Lenoir v. United States*, 618 F.2d 125 (Ct. Cl. 1979) (citing *Hooe v. United States*, 218 U.S. 322, 335-336 (1910)).

Plaintiff makes no such direct allegation. It is conceivable that plaintiff is under the impression that Mr. Callaway, the bankruptcy trustee, was acting for the

United States since he was appointed in her Chapter 7 bankruptcy proceeding. This assumption on her part, however, would be incorrect. *See e.g., In re Bursztyn*, 366 B.R. 353, 365 (Bankr. D.N.J. 2007) (holding that bankruptcy trustees are not government employees); *Cromelin v. United States*, 177 F.2d 275, 277 (5th Cir. 1949) (stating that a bankruptcy trustee "is in no sense an agent or employee or officer of the United States"), *questioned on other grounds in Sullivan v. United States*, 21 F.3d 198, 202-03 (7th Cir.1994).

To the extent plaintiff's claims are asserted against individuals, jurisdiction is lacking. As noted, United States Court of Federal Claims' jurisdiction is limited to suits against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Cottrell v. United States*, 42 Fed. Cl. 144, 148 (1998) ("The Court of Federal Claims does not have jurisdiction over suits against individuals; it only has jurisdiction over suits against the United States.").

In addition, to the extent plaintiff means to challenge the actions of the bankruptcy court or trustee in the course of the bankruptcy proceeding, this court is equally without jurisdiction to consider her claims. *See Allustiarte v. United States*, 256 F.3d 1349, 1351-52 (Fed. Cir. 2001) (holding that the Court of Federal Claims lacks jurisdiction to review takings claims based on the actions of federal bankruptcy courts or trustees).

The court expresses no opinion about the lawful or unlawful nature of the actions described in plaintiff's complaint. But because the court lacks jurisdiction to decide the questions presented, the court must dismiss the case. *See* RCFC 12(h)(3).

The government's motion to dismiss is **GRANTED**.

Mr. Callaway who is not listed in the caption as a defendant (Rules of the Court of Federal Claims (RCFC) 10(a)), also filed a motion to dismiss, *see* Doc. 6, but failed to move the court for leave to join the lawsuit. His motion to dismiss is **DENIED**, as moot.

**SO ORDERED.**

James F. Merow
Senior Judge